## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| DIANA BRECKON, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 1:12-cv-00517 |
| vs. | § | |
| | § | Jury Trial Demanded |
| H&P CAPITAL, INC. AND | § | |
| ARCHES FINANCIAL, LLC | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Diana Breckon ("Plaintiff"), an individual, for Defendants' violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* and the Texas Debt Collection Act ("TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendants' violation of the FDCPA and the TDCA, and to have an Order or injunction issued by this Court preventing Defendants from persisting in their violative behaviors.

3. Service may be made upon Defendants in any other district in which they may be found pursuant to 29 U.S.C. §1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6. Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Washington, and City of Brenham.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and TEX. FIN. CODE § 392.001(1).

8. Defendant, H&P Capital, Inc. ("H&P") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

9. H&P is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

10. Defendant, Arches Financial, LLC, ("Arches") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

11. Arches is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than H&P.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than H&P, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14.     Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than H&P.

15.     H&P uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16.     Arches purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

17.     Arches acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

18.     Arches is thoroughly enmeshed in H&P's debt collection business, and Arches is a significant participant in H&P's debt collection process.

19.     In connection with the collection of an alleged debt in default, H&P , itself and on behalf of Arches, sent Plaintiff initial written communication dated January 6, 2012. (*See* correspondence, attached hereto as Exhibit A).

20.     In its initial written communication dated January 6, 2012, H&P stated in relevant part(s) as follows:

>   …**All future payments (including any payment you have agreed to make under a currently pending payment plan with PLO) and communication regarding this account should be directed to H&P.**
>
>   **We strongly urge you to contact H&P at the above-referenced telephone number at your earliest convenience to discuss payment arrangements and/or discounted settlement.**
>
>   If you fail to fulfill the terms of your credit obligations, our client may submit a negative credit report reflecting on your credit record to a credit reporting agency.
>
>   We will assume this debt to be valid unless you dispute its validity, or any portion thereof, within thirty (30) days of your receipt of this notice. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and we will mail a copy of that verification to you. Upon your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

(Exhibit A) (emphasis and difference in font size in original).

21. In its initial written communication dated January 6, 2012, H&P provided the above reference disclosures in a smaller font, below more than five lines of bolded text, some of which threatened negative actions against Plaintiff's credit, which overshadowed the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period. (See Exhibit A).

22. On January 10, 2012, within the thirty (30) days of Plaintiff's receipt of H&P's January 6, 2012 letter, Plaintiff spoke with Defendant's agent and/or employee "Chris Black" ("Mr. Black"), and during such conversation, Plaintiff informed Mr. Black that she had a current payment arrangement of seventy five dollars ($75.00) per month in place with the previous debt collector, Paul Law Office, PLLC, formally known as Gillette and Paul Law Offices.

23. In response to Plaintiff's payment arrangement information, Mr. Black assured Plaintiff that "[Defendant] would honor whatever arrangement [Plaintiff] had with [Paul Law Office]."

24. During the January 10, 2012 telephone conversation, Mr. Black did not mention that Plaintiff was allegedly behind on her payments.

25. On January 18, 2012, within thirty (30) days of Plaintiff's receipt of H&P's January 6, 2012 letter, Plaintiff called H&P, and at such time, Plaintiff spoke with H&P's agent and/or employee "Mr. Stewart" who told Plaintiff that she was only paid through December 2011.

26. In response, Plaintiff told Mr. Stewart that she thought she had paid through January 2012, and Plaintiff requested an itemized statement showing all payments and the current balance because she believed the amount demanded was incorrect, and that her previously payments had not been applied properly.

27. In response to Plaintiff's request for validation of the amount of the alleged debt, Mr. Stewart told Plaintiff that "[she] validated the debt with [her] first payment."

28. Despite Plaintiff's dispute of a portion of the alleged debt amount, and Plaintiff's request for validation of the amount within the thirty (30) day dispute period, H&P's agent, Mr. Stewart, told Plaintiff if she "[didn't] make a payment [H&P] would just take a double payment" from her bank account.

29. H&P possessed Plaintiff's bank account information, and Plaintiff believed that H&P would in fact take the funds as threatened if she did not make a payment.

30. Due to H&P's threat as described above, on or about January 20, 2012, Plaintiff mailed a money order in the amount of seventy five dollars ($75.00) to H&P.

31. Due to H&P's threat as described above, Plaintiff closed her bank account on March 17, 2012 solely for the purpose of preventing Defendant from withdrawing funds from such account.

32. During the January 18, 2012 telephone conversation, H&P threatened to take actions against Plaintiff during the thirty (30) day dispute period, and again overshadowed the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

33. During the January 18, 2012 telephone conversation, H&P made representations to Plaintiff during the thirty (30) day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

34. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## DEFENDANT H&P
## VIOLATION OF 15 U.S.C. § 1692e(4)

35. Plaintiff repeats and re-alleges each and every allegation above.

36. H&P violated 15 U.S.C. § 1692e(4) by falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or

sale of Plaintiff's property or wages, where such action is not lawful or H&P did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&P violated 15 U.S.C. § 1692e(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT ARCHES
## VIOLATION OF 15 U.S.C. § 1692e(4)

37. Plaintiff repeats and re-alleges each and every allegation above.

38. H&P violated 15 U.S.C. § 1692e(4) by falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or H&P did not intend to take such action.

39. Arches, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of H&P, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Arches violated 15 U.S.C. § 1692e(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT H&P
## VIOLATION OF 15 U.S.C. § 1692e(5)

40. Plaintiff repeats and re-alleges each and every allegation above.

41. H&P violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, which included but was not limited to: threatening to take a double payment from Plaintiff's bank account if Plaintiff did not make an immediate payment; and threatening to take unauthorized amounts from Plaintiff with no legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&P violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT ARCHES
## VIOLATION OF 15 U.S.C. § 1692e(5)

42. Plaintiff repeats and re-alleges each and every allegation above.

43. H&P violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, which included but was not limited to: threatening to take a double payment from Plaintiff's bank account if Plaintiff did not make an immediate payment; and threatening to take unauthorized amounts from Plaintiff with no legal right to do so.

44. Arches, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of H&P, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Arches violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## DEFENDANT H&P
## VIOLATION OF 15 U.S.C. § 1692e(10)

45. Plaintiff repeats and re-alleges each and every allegation above.

46. H&P violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: misrepresenting that it could take a double payment from Plaintiff's account if Plaintiff did not make immediate payment; misrepresenting it would take unauthorized funds from Plaintiff's bank account with no legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&P violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## DEFENDANT ARCHES
## VIOLATION OF 15 U.S.C. § 1692e(10)

47. Plaintiff repeats and re-alleges each and every allegation above.

48. H&P violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: misrepresenting that H&P could take a double payment from Plaintiff's account if Plaintiff did not make immediate payment; misrepresenting that H&P would take unauthorized funds from Plaintiff's bank account with no legal right to do so.

49. Arches, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of H&P, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Arches violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## DEFENDANT H&P
## VIOLATION OF 15 U.S.C. § 1692g(b)

50. Plaintiff repeats and re-alleges each and every allegation above.

51. H&P violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty (30) day dispute period.

52. H&P violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the thirty (30) day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&P violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## DEFENDANT ARCHES
## VIOLATION OF 15 U.S.C. § 1692g(b)

53. Plaintiff repeats and re-alleges each and every allegation above.

54. H&P violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty (30) day dispute period.

55. H&P violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the thirty (30) day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a).

56. Arches, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of H&P, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Arches violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## DEFENDANT H&P
## VIOLATION OF TEX. FIN. CODE § 392.301(a)(8)

57. Plaintiff repeats and re-alleges each and every allegation above.

58. H&P violated Tex. Fin. Code § 392.301(a)(8) by threatening to take an action against Plaintiff that is prohibited by law, which included but was not limited to: threatening to take a double payment from Plaintiff's bank account if Plaintiff did not make an immediate payment; and threatening to take unauthorized amounts from Plaintiff with no legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant H&P violated Tex. Fin. Code § 392.301(a)(8);

b) Awarding Plaintiff injunctive relief, pursuant to Tex. Fin. Code § 392.403(a)(1);

c) Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2);

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## DEFENDANT ARCHES
## VIOLATION OF TEX. FIN. CODE § 392.301(a)(8)

59. Plaintiff repeats and re-alleges each and every allegation above.

60. H&P violated Tex. Fin. Code § 392.301(a)(8) by threatening to take an action against Plaintiff that is prohibited by law, which included but was not limited to: threatening to take a double payment from Plaintiff's bank account if Plaintiff did not make an immediate payment; and threatening to take unauthorized amounts from Plaintiff with no legal right to do so.

61. Arches, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of H&P, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant Arches violated Tex. Fin. Code § 392.301(a)(8);

    b) Awarding Plaintiff injunctive relief, pursuant to Tex. Fin. Code § 392.403(a)(1);

    c) Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2);

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XI
### DEFENDANT H&P
### VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

62. Plaintiff repeats and re-alleges each and every allegation above.

63. H&P violated Tex. Fin. Code § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning Plaintiff, which included but was not limited to: falsely representing that H&P could double the amount of the alleged debt if Plaintiff did not make immediate payment; and falsely representing that H&P had a legal right to take unauthorized funds from Plaintiff's bank account when no such right existed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant H&P violated Tex. Fin. Code § 392.304(a)(19);

    b) Awarding Plaintiff injunctive relief, pursuant to Tex. Fin. Code § 392.403(a)(1);

c) Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## DEFENDANT ARCHES
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

64. Plaintiff repeats and re-alleges each and every allegation above.

65. H&P violated Tex. Fin. Code § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning Plaintiff, which included but was not limited to: falsely representing that H&P could double the amount of the alleged debt if Plaintiff did not make immediate payment; and falsely representing that H&P had a legal right to take unauthorized funds from Plaintiff's bank account when no such right existed.

66. Arches, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of H&P, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Arches violated Tex. Fin. Code § 392.304(a)(19);

b) Awarding Plaintiff injunctive relief, pursuant to Tex. Fin. Code § 392.403(a)(1);

c) Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

        Respectfully submitted,

        By: /s/ Dennis R. Kurz
        Dennis R. Kurz
        Texas State Bar # 24068183
        Dkurz@attorneysforconsumers.com
        WEISBERG & MEYERS, LLC
        Two Allen Center
        1200 Smith Street
        Sixteenth Floor
        Houston, TX 77002
        Telephone: (888) 595-9111
        Facsimile: (866) 565-1327
        *Attorney for Plaintiff*
        DIANA BRECKON